**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSA S**

| | | |
|---|---|---|
| **THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its Personal Representative, SHAWN M. BEST; and TIMOTHY BEST, SR. and SHAWN M. BEST, individually,** | ) | |
| **Plaintiffs,** | ) | **Case No. 2:26-CV-2137** |
| **v.** | ) | |
| **BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS VITALCORE HEALTH STRATEGIES, LLC, TARA CLINE, AND STACY HEALD'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants VitalCore Health Strategies, LLC, Tara Cline, and Stacy Heald ("Defendants"),by and through undersigned counsel, and provides it responses to Plaintiffs' First Amended Complaint.

## JURISDICTION AND VENUE

1. Paragraph 1 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 1.
2. Paragraph 2 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 2.
3. Paragraph 3 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 3.

## PARTIES

4. Paragraph 4 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 4

5. Paragraph 5 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 5.
6. The allegations contained in paragraph 6 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 6 of plaintiffs' petition.
7. The allegations contained in paragraph 7 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 7 of plaintiffs' petition.
8. The allegations contained in paragraph 8 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 8 of plaintiffs' petition.
9. The allegations contained in paragraph 9 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 9 of plaintiffs' petition.
10. The allegations contained in paragraph 10 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 10 of plaintiffs' petition.
11. Defendants admit the allegations contained in paragraph 11 of plaintiffs' petition.
12. Defendants admit that VitalCore Health Strategies, LLC is a private entity contracted by Johnson County to provide medical care to inmates and detainees at NCADC. Whether Defendant VitalCore Health Strategies, LLC acted under color of state law for purposes of 42 U.S.C. 1983 calls for a legal conclusion that does not require a response. To the

extent that a response is required, defendants deny the allegations contained in paragraph 12.

## FACTUAL ALLEGATIONS

13. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 13 of plaintiffs' petition, and therefore deny the same.
14. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 14 of plaintiffs' petition, and therefore deny the same.
15. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 15 of plaintiffs' petition, and therefore deny the same.
16. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 16 of plaintiffs' petition, and therefore deny the same.
17. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 17 of plaintiffs' petition, and therefore deny the same.
18. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 18 of plaintiffs' petition, and therefore deny the same.
19. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 19 of plaintiffs' petition, and therefore deny the same.
20. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 20 of plaintiffs' petition, and therefore deny the same.
21. Paragraph 21 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 21.
22. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 22 of plaintiffs' petition, and therefore deny the same.

23. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 23 of plaintiffs' petition, and therefore deny the same.

**COUNT I – 42 U.S.C. § 1983 – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

**(Against All Individual Defendants)**

24. In response to paragraph 24 of plaintiffs' petition, these defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1-23 above.

25. The allegations contained in paragraph 25 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 25 of plaintiffs' petition.

26. Paragraph 26 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 26.

27. Paragraph 27 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 27.

28. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 28 of plaintiffs' petition, and therefore deny the same.

29. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 29 of plaintiffs' petition, and therefore deny the same.

30. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 30 of plaintiffs' petition, and therefore deny the same.

31. The allegations contained in paragraph 31 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 31 of plaintiffs' petition.

32. These defendants are without sufficient information to either admit or deny the allegations contained in paragraph 32 of plaintiffs' petition, and therefore deny the same.

33. Paragraph 33 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 33.

34. Paragraph 34 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 34.

**COUNT II – 42 U.S.C. 1983 – FAILURE TO TRAIN SUPERVISE, AND IMPELEMENT ADEQUATE POLICIES**

**(Against Johnson County, Sherrif Roberson in his official capacity, and Sheriff Hayden)**

35. In response to paragraph 35 of plaintiffs' petition, these defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1-34 above.

36. The allegations contained in paragraph 36 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 36 of plaintiffs' petition.

37. The allegations contained in paragraph 37 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 37 of plaintiffs' petition.

38. The allegations contained in paragraph 38 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 38 of plaintiffs' petition.

39. The allegations contained in paragraph 39 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 39 of plaintiffs' petition.

**COUNT III – NEGLIGENT SUPERVISION**

**(Against Johnson County, Sheriff Roberson in his official capacity, and Sheriff Hayden)**

40. In response to paragraph 40 of plaintiffs' petition, these defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1-39 above.
41. The allegations contained in paragraph 41 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 41of plaintiffs' petition.
42. The allegations contained in paragraph 42 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 42 of plaintiffs' petition.
43. The allegations contained in paragraph 43 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 43 of plaintiffs' petition.
44. The allegations contained in paragraph 44 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 44 of plaintiffs' petition.
45. The allegations contained in paragraph 45 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 45 of plaintiffs' petition.
46. The allegations contained in paragraph 46 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 46 of plaintiffs' petition.

47. The allegations contained in paragraph 47 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 47 of plaintiffs' petition.

48. The allegations contained in paragraph 48 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 48 of plaintiffs' petition.

49. The allegations contained in paragraph 49 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 49 of plaintiffs' petition.

50. The allegations contained in paragraph 50 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 50 of plaintiffs' petition.

51. The allegations contained in paragraph 51 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 51 of plaintiffs' petition.

52. The allegations contained in paragraph 52 of plaintiffs' petition are not directed at these defendants, and, therefore, do not require a response. To the extent a response is required, defendants deny the allegations contained in paragraph 52 of plaintiffs' petition.

**COUNT IV – WRONGFUL DEATH**
**(K.S.A. 60-1901 et seq. – Against All Defendants)**

53. In response to paragraph 53 of plaintiffs' petition, these defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1-52 above.

54. Paragraph 54 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 54.

55. Paragraph 55 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 55.
56. Paragraph 56 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 56.
57. Paragraph 57 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 57.

**COUNT V – SURVIVAL ACTION**

**(K.S.A 60-1801 – Against All Defendants)**

58. In response to paragraph 58 of plaintiffs' petition, these defendants incorporate by reference, as though fully set forth herein, their responses to paragraphs 1-57 above.
59. Paragraph 59 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 59.
60. Paragraph 60 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 60.

**DAMAGES**

61. Paragraph 61 calls for a legal conclusion that does not require a response. To the extent that a response is required, defendants deny the allegations contained in paragraph 61.
62. Punitive damages

**AFFIRMATIVE DEFENSES**

1. Defendants affirmatively state each and every paragraph not specifically admitted herein is denied.

2. Defendants affirmatively state that plaintiff fails to state a claim upon which relief may be granted.

3. Defendants affirmatively state that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

4. Defendants affirmatively deny that plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code. Further answering, Defendants specifically deny that they were deliberately indifferent to a serious medical need.

5. Defendants affirmatively state that they are immune from liability under the Kansas Tort Claims Act K.S.A. 75-6104.

6. Defendants affirmatively state that plaintiff's damages should be limited to those specifically pleaded.

7. Defendants affirmatively state that plaintiffs failed to mitigate their damages.

8. Defendants affirmatively state that any injuries and/or damages sustained by the decedent were the direct and unavoidable consequence of decedent's pre-existing medical conditions and the treatment necessitated thereby and were not caused or contributed to by the alleged negligence of these defendants.

9. Defendants affirmatively states that any alleged injury sustained by the decedent was not the result of these Defendants' conduct but rather the alleged injury or damage is the result of an intervening and superseding cause.

10. Defendants affirmatively state that decedent was informed of and consented to the risks of the medical treatment provided.

11. To the extent that plaintiffs claim medical expenses in this case, Defendants assert that they are entitled to any applicable credit, set-off, allowance, adjustment, or accommodation for

medical expenses that were credited, written off, otherwise extinguished, or not chargeable to plaintiff pursuant to any law, contract, code or regulation.

12. Defendants affirmatively state that any potential recovery against them should be reduced and/or limited by the Kansas statutes applicable to claims against health care providers. Specifically, Defendants contend this case is subject to all limitations upon recovery of damages recognized under Kansas law, including the cap on non-economic damages in K.S.A. 60-19a02. Defendant asserts K.S.A. 60-19a02 is constitutional and enforceable in this case. The application of the cap on damages in K.S.A. 60-19a02 to medical malpractice cases is controlled by *Miller v. Johnson*, 295 Kan. 636, 289 P.3d 1098 (2012). *Miller* was not expressly overruled by *Hilburn.* Defendant asserts the cap on damages in K.S.A. 60-19a02 remains constitutional and enforceable in this medical malpractice case. Further, the allegedly unconstitutional language in K.S.A. 60-19a02 may be severed, allowing the rest of the statute to remain in effect, including the non-economic damages cap. 13. Defendants affirmatively states that the fault of all parties to the occurrence, whether or not parties to this action, must be compared in this action pursuant to Kansas law.

14. Defendants reserve the right to plead any additional affirmative defenses as they become known or are available during the pendency of this action.

WHEREFORE, defendants pray that plaintiffs take nothing by his action, for their costs and attorney's fees and for such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendants respectfully request a trial by jury on all issues herein.

***Respectfully Submitted,***

**NORRIS KEPLINGER**

**HICKS & WELDER, LLC**

By: */s/ John Hicks*
John Hicks, jh@nkfirm.com, #20474
Sarah Wood, swood@nkfirm.com, #30111
11551 Ash Street
Becker Building, Suite 200
Leawood, KS 66211
(913) 663-2000/ (913) 663-2006 FAX
**ATTORNEYS FOR VITALCORE HEALTH STRATEGIES, LLC, TARA CLINE, AND STACY HEALD**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June 2026, the above and foregoing document was filed and served using the Court's ECF system to:

Andrew J. Schermerhorn
Schermerhorn Law, PC
4520 Main Street, Suite 700
Kansas City, MO 64111
816/285-6022
andy@schermlaw.com

Thomas John Porto
Popham Law Firm, PC
712 Broadway, Suite 100
Kansas City, MO 64105
816/221-2288
tporto@pophamlaw.com
**Attorneys for Plaintiff**

Joni S Cole
Johnson County Legal Dept.
111 S. Cherry, Suite 3200
Olathe, KS 66061
913/715-1851
Joni.cole@jocogov.org

Kirk Ridgway
Alex Gilmore
Fisher, Patterson, Sayler & Smith, LLP
9393 W 110th St. Ste: 300
Overland Park, KS 66210
913-339-6757/913-339-6187 FAX
agilmore@fpsslaw.com
kridgway@fpsslaw.com
**Attorney for Defendants Calvin Hayden, Michael Levin, Marcus Wright, Johnson County Kansas Board of County Commissioners and Byron Roberson**

s/John Hicks
**Attorney for Defendants VitalCore Health Strategies, LLC, Tara Cline and Stacy Heald**