**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSA S**

| | | |
|---|---|---|
| **THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its Personal Representative, SHAWN M. BEST; and TIMOTHY BEST, SR. and SHAWN M. BEST, individually,** | ) | |
| **Plaintiffs,** | ) | **Case No. 2:26-CV-2137** |
| **v.** | ) | |
| **BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' VITALCORE HEALTH STRATEGIES, LLC, STACY HEALD, AND TARA CLINE'S MOTION TO DISMISS**

COME NOW, Defendants VitalCore Health Strategies, LLC, Stacy Heald, and Tara Cline and for this its Motion to Dismiss.

## I. INTRODUCTION

This matter arises out of the in-custody death of Timothy Joseph Best at the Johnson County Adult Detention Center on June 5, 2024. Plaintiffs have asserted claims of deliberate indifference, wrongful death, and a survival action against Defendants VitalCore Health Strategies, LLC, Stacy Heald, and Tara Cline ("Defendant"). Plaintiffs' claims of wrongful death and survival action now must be dismissed by this Court due to Plaintiffs' failure to comply with the notice requirements of the Kansas Tort Claims Act. K.S.A. 12-105b.

## II. STANDARD OF REVIEW

In order to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This means a plaintiff must "nudge [his] claims across

the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.* A plaintiff must identify how each defendant, through their own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Although a plaintiff need not precisely state each element of his claims to survive a motion to dismiss for failure to state a claim, he must plead minimal factual allegations on material elements that must be proved. Fed. R. Civ. P. 12(b)(6), 28 U.S.C.A. *Dolquist v. Heartland Presbytery*, 342 F. Supp. 2d 996 (D. Kan. 2004). "Mere "labels and conclusions,' and a 'formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

## III. ARGUMENTS AND AUTHORITIES

### A. Plaintiffs' Counts IV and V must be dismissed for lack of subject matter jurisdiction for failure to comply with the Kansas Tort Claims Act.

Pursuant to K.S.A. § 12-105b(d), any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas Tort Claims Act ("KCTA") shall file a written notice as provided in this subsection before commencing such action. K.S.A. § 12-105b(d). The filing of an action prior to the compliance with K.S.A. § 12-105b(d) renders the petition void *ab initio*. *Christopher v. State*, 36 Kan. App. 2d 697 (2006); *Steed v. McPherson Area Solid Waste Utility*, 43 Kan. App. 2d 75, 91 (2010).

Here, in their Petition, Plaintiffs raise two claims against Defendants under the KCTA: Count IV (Wrongful Death) and Count V (Survival Action). However, Plaintiffs have failed to provide any evidence that they complied with the written notice requirements of K.S.A. 12-105b(d) prior to bringing suit. Consequently, the Court is deprived subject matter jurisdiction over Plaintiff's

state law claims. As such, Defendants are entitled to summary judgment in relation to count IV and V.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request the Court dismiss Count IV and V of Plaintiffs' First Amended Petition asserted against these Defendants for lack of subject matter jurisdiction, and for such other and further relief as this Court deems just and proper.

*Respectfully submitted*,
**NORRIS KEPLINGER HICKS & WELDER, LLC**

By: /s/ John Hicks
John Hicks, #20474
jh@nkfirm.com
Sarah Wood, #30111
swood@nkfirm.com
11551 Ash Street, Suite 200
Leawood, Kansas 66211
(913) 663-2000
**ATTORNEYS FOR DEFENDANTS VITALCORE HEALTH STRATEGIES, LLC, STACY HEALD, AND TARA CLINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2026, the above and foregoing document was filed and served using the Court's ECF system to:

Andrew J. Schermerhorn
Schermerhorn Law, PC
4520 Main Street, Suite 700
Kansas City, MO 64111
816/285-6022
andy@schermlaw.com

Thomas John Porto
Popham Law Firm, PC
712 Broadway, Suite 100
Kansas City, MO 64105
816/221-2288
tporto@pophamlaw.com
**Attorneys for Plaintiff**

Joni S Cole
Johnson County Legal Dept.
111 S. Cherry, Suite 3200
Olathe, KS 66061
913/715-1851
Joni.cole@jocogov.org

Kirk Ridgway
Alex Gilmore
Fisher, Patterson, Sayler & Smith, LLP
9393 W 110th St. Ste: 300
Overland Park, KS 66210
913-339-6757/913-339-6187 FAX
agilmore@fpsslaw.com
kridgway@fpsslaw.com
**Attorney for Defendants Calvin Hayden,**
**Michael Levin, Marcus Wright,**
**Johnson County Kansas Board of County Commissioners**
**and Byron Roberson**

s/John Hicks
**Attorney for Defendants VitalCore Health Strategies, LLC, Tara Cline and Stacy Heald**