**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | |
|---|---|
| THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its Personal Representative, SHAWN M. BEST, et al.<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, et al,<br><br>Defendants. | Case No. 2:26-cv-2137 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS VITALCORE HEALTH STRATEGIES, LLC, STACY HEALD, AND TARA CLINE'S MOTION TO DISMISS**

Plaintiffs respond to Defendants VitalCore Health Strategies, LLC, Stacy Heald, and Tara Cline's Motion to Dismiss as follows:

## I. INTRODUCTION

Defendants VitalCore Health Strategies, LLC, Stacy Heald, and Tara Cline move to dismiss only Counts IV and V—the Kansas wrongful-death and survival claims—based on Plaintiffs' failure to serve a pre-suit notice under K.S.A. 12-105b. Plaintiffs acknowledge that no K.S.A. 12-105b notice was served before this action was filed.

That concession does not entitle these Defendants to the relief they seek. K.S.A. 12-105b applies to claims against a "municipality" or "an employee of a municipality." These moving Defendants have not shown that they fall within either category. The First Amended Complaint alleges that VitalCore is a *private entity* contracted to provide medical services at the Johnson County Adult Detention Center, and that Nurse Cline and RN Heald were medical staff employed by or contracted through VitalCore. FAC ¶¶ 11-12. The fact that VitalCore and its personnel acted

under color of state law for purposes of § 1983 does not automatically convert them into a municipality or employees of a municipality for purposes of the Kansas Tort Claims Act.

Accordingly, the motion should be denied. Alternatively, if the Court determines that K.S.A. 12-105b applies to any of the moving Defendants, dismissal should be limited to Counts IV and V and should be without prejudice for lack of subject-matter jurisdiction. Count I, Plaintiffs' § 1983 deliberate-indifference claim, is not challenged by this motion and remains pending against Nurse Cline and RN Heald regardless of the Court's ruling on the state-law claims.

## II. ARGUMENT

### A. K.S.A. 12-105b applies only to claims against a municipality or an employee of a municipality.

K.S.A. 12-105b requires pre-suit notice only for claims against a "municipality" or "an employee of a municipality." The governing definitions are found in K.S.A. 12-105a. Under that statute, "municipality" includes counties, cities, school districts, and other political subdivisions or taxing units, along with certain boards, bureaus, commissions, committees, and agencies that have authority to create indebtedness and pay claims. K.S.A. 12-105a(a). "Employee" includes officers, employees, servants, members of governmental boards or departments, elected or appointed officials, and persons acting on behalf of or in service of a governmental entity in an official capacity. K.S.A. 12-105a(h). But the statute expressly provides that "'Employee' ***does not include*** an independent contractor working for a municipality under contract." *Id*. (Emphasis added.)

That exclusion is dispositive, or at minimum prevents dismissal on the present record. The First Amended Complaint alleges that VitalCore Health Strategies, LLC is a *private* entity contracted by Johnson County to provide medical care to inmates and detainees at NCADC. FAC ¶ 12. It further alleges that Nurse Cline and RN Heald were medical staff employed by or

contracted through VitalCore. *Id.* at ¶ 11. Defendants' motion does not establish that VitalCore, Cline, or Heald were "municipal employees" rather than private medical contractors or employees of an independent contractor.

The Kansas Court of Appeals' decision in *R.P. v. First Student Inc.,* 515 P.3d 283 (2022), confirms that private contractors do not receive K.S.A. 12-105b notice protection merely because they contract with a governmental entity to perform services. There, a private bus company contracted with a school district to provide student transportation, and the defendants argued the company was an "instrumentality" of the school district entitled to KTCA protections, including pre-suit notice. The Court of Appeals rejected that argument, holding that a private entity qualifies as a governmental instrumentality only if it is an integral part of, or controlled by, the governmental entity. *Id.* at 292-93. Because the school district did not significantly control how the contractor performed its contractual obligations, the contractor was not a governmental entity and had no right to pre-suit notice under K.S.A. 12-105b.

That reasoning applies here. VitalCore is alleged to be a private entity contracted to provide medical services at NCADC, and Cline and Heald are alleged to have been employed by or contracted through VitalCore. FAC ¶¶ 11-12. Defendants have not shown, *or even asserted*, that VitalCore was created by Johnson County, operated as an arm of Johnson County, or was so controlled by Johnson County that it became an integral part of the municipality. Nor have they shown, *or even asserted*, that Cline or Heald were municipal employees rather than employees or agents of a private medical contractor. Under *R.P.*, the performance of a contracted governmental service is not enough. Without evidence that VitalCore was an integral part of or controlled by Johnson County, Defendants cannot invoke K.S.A. 12-105b's notice requirement as a basis for dismissal.

Accordingly, because Defendants have not shown that they are a municipality or employees of a municipality within the meaning of K.S.A. 12-105a, they have not established that K.S.A. 12-105b applies to Plaintiffs' claims against them. Their motion should therefore be denied.

### B. Acting under color of state law for § 1983 purposes does not make VitalCore or its personnel municipal employees for KTCA notice purposes.

The First Amended Complaint alleges that VitalCore acted under color of state law "for purposes of 42 U.S.C. § 1983." FAC ¶ 12. That allegation is legally distinct from whether VitalCore or its personnel qualify as a "municipality" or "employee of a municipality" under Kansas tort-law statutes.

Private medical providers who contract to provide jail medical care may act under color of state law for § 1983 purposes because they perform a function traditionally associated with the state. But that federal civil-rights doctrine does not collapse the separate Kansas statutory inquiry under K.S.A. 12-105b. If acting under color of state law automatically made a private contractor a municipal employee for KTCA notice purposes, the independent-contractor exclusion in K.S.A. K.S.A. 12-105a would have little practical meaning.

Defendants' motion offers no authority for treating VitalCore, a private LLC, as a municipality or for treating its medical staff as municipal employees merely because they provided contracted jail medical services. The motion therefore fails to establish the jurisdictional premise on which it depends.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants VitalCore Health Strategies, LLC, Stacy Heald, and Tara Cline's Motion to Dismiss. Alternatively, if the Court determines that K.S.A. 12-105b applies to any moving Defendant, Plaintiffs request

that dismissal be limited to Counts IV and V as to that Defendant only, that the dismissal be without prejudice, and that Count I remain pending against Nurse Cline and RN Heald.

Respectfully submitted,

*<u>/s/ Andrew Schermerhorn</u>*
Andrew Schermerhorn, KS #24416
**SCHERMERHORN LAW, PC**
4520 Main St., Ste. 700
Kansas City, MO 64111
T: 816-285-6022
andy@schermlaw.com

Thomas Porto, KS #26214
**THE POPHAM LAW FIRM**
712 Broadway, Suite 100
Kansas City, MO 64105
T: 816-221-2288
tporto@pophamlaw.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on June 10, 2026, with the Clerk of the Court by using the CM/ECF system.

*/s/ Andrew Schermerhorn*