**IN THE UNITED STATES COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its personal representative, SHAWN M. BEST, et al.<br>Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-2137 |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' opposition largely confirms the relief the County Defendants seek. Plaintiffs concede the KTCA bars their state tort claims, concede that Sheriff Hayden and Captain Levin should be dismissed from the individual-capacity counts and agree that naming the BOCC in addition to Sheriff Roberson in his official capacity is redundant for the *Monell* claim. What remains in dispute is the *Monell* claim against Sheriff Roberson and the individual-capacity claim against Deputy Wright. Neither should survive dismissal.

**I. Plaintiffs' concessions require dismissal of the following claims and parties.**

Plaintiffs' response makes three material concessions that narrow this motion substantially. First, Plaintiffs acknowledge that KTCA notice was sent to the wrong office and that the County Defendants should be dismissed from Counts III through V. (ECF 38, Opp. at 14). Accordingly, dismissal of Counts III, IV and V as to the County Defendants is appropriate. *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1237 (D. Kan. 2016).

Second, Plaintiffs agree that they are not asserting Counts I or II against Sheriff Hayden or Captain Levin in their individual capacities and that those two defendants should not appear in

those counts. (ECF 38, Opp. at 14). Hayden and Levin should therefore be dismissed from Count I entirely and Hayden from Count II.

Third, Plaintiffs agree that Count II is properly asserted against Sheriff Roberson in his official capacity only, and that the BOCC is not a proper defendant. (ECF 38, Opp. at 14-15). The BOCC should be dismissed.

## II. **The *Monell* claim against Sheriff Roberson fails to state a claim.**

Plaintiffs reframe their *Monell* theory as a systemic failure claim rather than a traditional failure-to-train claim, but the repackaging does not cure the pleading deficiency. A systemic-failure theory still requires plausible facts establishing a municipal policy or custom, causation and deliberate indifference. *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1184 (10th Cir. 2020). Plaintiffs identify the same six alleged deficiencies catalogued in the FAC. (ECF 38, Opp. at 10-11). Those allegations remain labels without supporting facts. The FAC identifies no specific training decision, no written policy or directive, no identifiable gap in a staffing protocol and no prior incident at NCADC involving withdrawal-related care failure comparable to Best's case. Plaintiffs' attempt to distinguish *Herbel* by listing categories of alleged failures does not save the claim. *Herbel v. City of Marion*, No. 23-1218-JWB, 2024 WL 4416849, at *26 (D. Kan. Oct. 4, 2024). A list of conclusions about what the County should have done differently is not a factual allegation that policymakers were specifically aware of a deficiency and consciously chose not to act. *Carr v. Castle*, 337 F.3d 1221, 1229-30 (10th Cir. 2003). The FAC supplies no such facts.

The prior-notice argument fares no better. Plaintiffs now argue that *Kearns* and *Crump* are not the entire universe of notice and that additional incidents, grievances and internal reports exist. (ECF 38, Opp. at 13). But the FAC must plausibly allege those facts; it cannot defer them to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FAC's only identified prior incidents

are *Kearns*, filed nearly two decades ago with no alleged similarity to withdrawal care, and *Crump*, filed after Best's death and decided in the County Defendants' favor. A lawsuit won by the defendants does not establish a pattern of unconstitutional conduct; it negates one.

Plaintiffs' reliance on *Bond v. Sheriff of Ottawa County*, 173 F.4th 1265 (10th Cir. 2026), does not support their *Monell* claim at this stage. *Bond* was not a pleading decision. The appeal arose after an eight-day jury trial. The Tenth Circuit's jurisdiction was limited to two post-judgment issues: whether the trial record contained a legally sufficient evidentiary basis to sustain the verdict under Rule 50 and whether the district court erred in its jury instructions. The court reviewed the *Monell* evidence under the deferential Rule 50 standard, asking only whether "all of the evidence in the record reveals no legally sufficient evidentiary basis" for the jury's finding. The evidentiary record in *Bond* bore no resemblance to the allegations here. The record in *Bond* established that the jail had no physician present despite a written policy requiring physician oversight, no scheduled sick call, no functioning audit process and custody staff who on video expressly told a moaning, paralyzed detainee they were not calling emergency services while others laughed. The *Monell* finding rested on that developed factual record, not on conclusory pleading. *Monell* says nothing about whether the labels and categories in this FAC plausibly allege a municipal policy or custom under *Iqbal* and Plaintiffs cannot use a post-trial sufficiency holding to relieve themselves of the obligation to plead specific facts at the Rule 12 stage.

## I. <u>The individual-capacity claim against Deputy Wright fails.</u>

Plaintiffs' opposition argues that Nurse Cline's clearance was so obviously unreasonable that Wright was required to override it and summon emergency services independently. (ECF 38, Opp. at 6-9). That argument proves too much and ultimately sounds in negligence.

The subjective component of deliberate indifference requires that the official actually drew the inference that a substantial risk of serious harm existed. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The FAC alleges that Wright observed Best's symptoms and reported them to Nurse Cline, that Cline evaluated Best and told Wright he was fine and that Cline confirmed that assessment a second time and directed Wright to provide a mat. (ECF 3, ¶ 29). Wright is a lay detention officer with no clinical training. Whatever the video depicts, Cline had the same information and exercised professional clinical judgment. The constitutional standard does not require a non-medical officer to independently diagnose and override a licensed nurse's express evaluation.

Plaintiffs argue that unreasonable reliance on a medical professional's assessment can constitute deliberate indifference. (ECF 38, Opp. at 6-7). That principle is accurate, but it does not permit the Court to equate Wright's reliance on a nurse's contemporaneous evaluation with deliberate indifference at the pleading stage. The cases Plaintiffs cite for the unreasonable-reliance principle are readily distinguishable. *See*, *e.g.*, *Johnson v. Doughty*, 433 F3d 1001, 1010-11 (7th Cir. 2006) (affirming judgment for non-medical prison officials who, upon receiving grievances about an inmate’s hernia pain, investigated the complaints, confirmed that the treating physicians had personally examined the inmate multiple times and determined surgery was not required and deferred to those clinical judgments); *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir.2004) (holding that a non-medical prison official who was personally informed of a prisoner’s fall and resulting injuries did not state a deliberate indifference claim against him where he reported the situation to medical staff and a physician was actively treating the prisoner, because a non-medical officer is generally justified in believing a prisoner is in capable handles under a physician’s care); *Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir. 1992) (finding a triable question of deliberate indifference where prison officials ordered a prisoner transferred by air in direct contravention of

his treating surgeon's specific written orders prohibiting flight, instead choosing to rely on a second opinion from a contract physician who had never examined the prisoner, reviewed his file or consulted with the treating surgeon before issuing his opinion).

The closest case to these facts is *Weatherford ex rel. Thompson v. Taylor*, 347 F. App'x 400 (10th Cir. 2009 (unpublished) and it cuts against Plaintiffs. In *Weatherford*, the Tenth Circuit affirmed denial of qualified immunity where a jail supervisor received a single phone assessment from a medical employee who had never examined the patient, then did nothing for several hours while the detainee visibly deteriorated, loudly complained of severe chest pain and repeatedly asked to see medical staff through a window at the supervisor's own desk. The court held that initial reliance on that nonexamination-based assessment may have been reasonable, but that reliance became unreasonable once obvious and escalating symptoms made clear the earlier assessment was inadequate. Wright's situation is materially different. Nurse Cline did not phone in an opinion from off-site without seeing Best. She personally evaluated him, told Wright he was fine, confirmed that assessment a second time and directed Wright to provide a mat. FAC ¶ 29. No Supreme Court or Tenth Circuit decision has held, under facts materially similar to those alleged here, that a non-medical detention officer violates the Fourteenth Amendment by relying on a licensed nurse's express, in-person assessment that a detainee does not require emergency intervention. Wright is entitled to qualified immunity under these facts.

## **<u>CONCLUSION</u>**

Based on Plaintiffs' concessions and the arguments above, the Court should dismiss the BOCC from all counts, Sheriff Hayden and Captain Levin from all counts, Counts III, IV and V as to all County Defendants, the *Monell* claim in Count II for failure to state a claim and the individual-capacity claim against Deputy Wright in Count I on qualified immunity grounds.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/Alex S. Gilmore

Alex S. Gilmore KS #27334
Kirk T. Ridgway KS #17172
9393 W. 110th St., Suite 300
Overland Park, Kansas 66210
(913) 339-6757; Fax: (913) 339-6187
agilmore@fpsslaw.com
kridgway@fpsslaw.com
**ATTORNEY FOR COUNTY DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2026, I electronically filed the foregoing with the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to:

Thomas Porto
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
T: 816-221-2288
tporto@pophamlaw.com

Andrew Schermerhorn
SCHERMERHORN LAW, PC
4520 Main St., Ste. 700
Kansas City, MO 64111
T: 816-285-6022
andy@schermlaw.com
**ATTORNEYS FOR PLAINTIFF**

John Hicks
Sarah Wood
NORRIS KEPLINGER
HICKS & WELDER, LLC
11551 Ash Street
Becker Building, Suite 200
Leawood, KS 66211
jh@nkfirm.com
swood@nkfirm.com
**ATTORNEYS FOR DEFENDANTS VITAL CORE HEALTH STRATEGIES, TARA CLINE AND STACY HEALD**

/s/Alex S. Gilmore
Alex S. Gilmore