**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its Personal Representative, SHAWN M. BEST; and TIMOTHY BEST, SR. and SHAWN M. BEST, individually,<br><br>Plaintiffs,<br>v.<br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, *et al.*,<br><br>Defendants. | ) | Case No. 26-2137-AJP-BGS |

**AGREED PROTECTIVE ORDER**

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because this case involves sensitive allegations involving sensitive medical information, which are protected under the Health Insurance Portability and Accountability Act (HIPAA). Further, discovery may involve specific nonpublic portions of VitalCore Health Strategies, LLC's business records that contain trade secrets or confidential commercial information, have previously been maintained confidentially, and warrant protection upon a showing of specific competitive injury that would result from disclosure.

1. **Scope.** All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(a) Nonpublic medical records and individually identifiable health information concerning Timothy Joseph Best, II, or other individuals, limited to the portions containing private medical information or identifying information requiring protection.

(b) Nonpublic portions of VitalCore Health Strategies, LLC's protocols, policies, procedures, manuals, or standards that contain trade secrets or confidential commercial information, provided that VitalCore has previously maintained the documents or information in a confidential manner and can show a specific competitive injury that would result from disclosure.

(c) Nonpublic pricing, cost, or other confidential commercial terms contained in VitalCore's contracts, provided that VitalCore has previously maintained the documents or information in a confidential manner and can show a specific competitive injury that would result from disclosure.

A document does not qualify as Confidential Information merely because it is an internal business record, bears a proprietary or confidentiality designation, or falls within one of the document types listed above. Policies, procedures, protocols, manuals, standards, contracts, and insurance documents are not confidential as a class. Designations must be limited to the portions containing information qualifying for protection under this paragraph, unless those portions cannot reasonably be segregated.

Information or documents that are available to the public may not be designated as Confidential Information.

3. **<u>Form and Timing of Designation</u>.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure.

5. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

(a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(i) The parties, including their employees, agents, and representatives of the parties;

(ii) Counsel for the parties and their employees and agents;

(iii) The court and court personnel, including any special master appointed by the court, and members of the jury;

(iv) Court reporters, recorders, and videographers engaged for depositions;

(v) Any mediator appointed by the court or jointly selected by the parties;

(vi) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(vii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(viii) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(ix) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(x) Other persons only upon consent of the producing party and on such conditions as the parties may agree; and

(xi) Insurers of the parties and their counsel or claims representatives, but only to the extent reasonably necessary to evaluate, defend, or resolve claims in this action, and only after completing the acknowledgment contained in Attachment A. Such persons may use Confidential Information solely for those purposes and may not use or disclose it in connection with other claims, litigation, underwriting, or other business purposes, except as required by law or court order.

(c) **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel for the parties must maintain a record of those persons, including employees

of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

Counsel may use artificial intelligence software to assist with this litigation, including to review, analyze, summarize, and draft materials containing Confidential Information, without further consent or court approval. Counsel must take reasonable measures to preserve confidentiality, including using available privacy and security settings to prevent public access and, where available, disabling use of submitted information to train generally available models. Use of such software in accordance with this paragraph does not constitute an unauthorized disclosure under this Order. Submitted Confidential Information and outputs containing it remain subject to this Order and may be used only for this litigation. At the conclusion of the litigation, counsel must take reasonable steps to delete such information from the software consistent with Paragraph 10.

7. **Filing Confidential Information.** Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal, and any party seeking to file a document under seal must comply with this court's under-seal filing procedure set forth in D. Kan. Rule 5.4.2 and Standing Order 25-04. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

8. **Challenging a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties must arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) *before* filing such a motion. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9. **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Returning Confidential Documents.** Within 45 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the receiving party shall return or destroy all documents designated as containing Confidential Information, including

copies as defined above, unless the document has been offered into evidence or filed without restriction as to disclosure.

The parties agree that the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, Confidential Information contained in deposition transcripts, or Confidential Information contained in draft or final expert reports.

(c) **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11. **Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated

as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its

Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

18. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Pursuant to Fed. R. Evid. 502(d), disclosure or production of information protected by the attorney-client privilege or work-product doctrine in connection with this litigation, whether inadvertent or otherwise, will not constitute a waiver of that privilege or protection in this or any other federal or state proceeding. This provision applies whether or not the information has been designated as Confidential Information.

A producing party asserting privilege or work-product protection after production must promptly notify the receiving party in writing, identify the specific information or documents at issue, and explain the basis for the claim sufficiently to permit its evaluation without disclosing privileged or protected information. Upon receiving notice, the receiving party must, within 30 days, return, sequester, or destroy the identified information and any copies; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve information disclosed to others before receiving notice. The producing party must preserve the information until the claim is resolved.

The receiving party may challenge the claim and may retain a sequestered copy solely to present the information to the court under seal for a determination under Fed. R. Civ. P. 26(b)(5)(B), subject to applicable court procedures. Compliance with a request to return, sequester,

or destroy information does not constitute agreement that the information is privileged or protected. The party asserting privilege or protection retains the burden of establishing its applicability.

Nothing in this paragraph establishes that any information is privileged or protected, precludes a challenge on grounds other than the disclosure or production protected by this paragraph, or limits a party's right to review documents, including electronically stored information, for relevance, responsiveness, or segregation of privileged or protected information before production. Use or disclosure before receipt of the producing party's notice will not, by itself, constitute a violation of this Order.

**IT IS SO ORDERED.**

Dated October 19, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| THE ESTATE OF TIMOTHY JOSEPH BEST, II, by and through its Personal Representative, SHAWN M. BEST, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON COUNTY, KANSAS, *et al*,<br><br>Defendants. | Case No. 26-2137-AJP-BGS |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order attached hereto in the above-referenced case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________

Job Title: ______________________________

Employer: ______________________________

Business Address: ______________________________

______________________________

Date: __________ Signature:______________________________